### In re COHN.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

ATTORNEY AND CLIENT (§ 44*)—SUSPENSION OR DISBARMENT—CONDUCT OF AT-
TORNEY.

Where respondent, an attorney representing the defendant in an ac-
tion for the collection of money, told plaintiff's attorney that he had no
defense, and promised to pay the money within a stipulated time if a
delay was granted, and several delays were granted, and, although the
defendant delivered the money to respondent, it was not paid to plaintiff,
who was forced to collect the claim by execution, respondent having ex-
pended this money in payment of other claims against defendant, who rat-
ified those acts, his lack of good faith in his representations to plain-
tiff's attorney did not warrant his disbarment or suspension; a condem-
nation of his acts being sufficient discipline.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55,
56, 62; Dec. Dig. § 44.*]

In the matter of the application to discipline Albert L. Cohn, an at-
torney. Application dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT,
MILLER, and DOWLING, JJ.

Einar Chrystie, of New York City, for petitioner.
Frederick W. Griffin, of New York City, for respondent.

PER CURIAM. It seems to be established by the petition and
answer that the respondent appeared as attorney for one Howard,
against whom an action had been commenced to recover the sum of
$69.35 in the Municipal Court. Mr. Frederick T. Case appeared as
the attorney for the plaintiff in that action. The respondent appeared
for Mr. Howard and interposed an answer, which was a general denial
with a demand for a bill of particulars, stating immediately after-
wards to Mr. Case that he had no defense, and asked him for an ad-
journment for a week, stating that, if he obtained such adjournment,
he would obtain for Mr. Case $35 on account. The case was ad-
journed to the 22d of May, 1911, on which day the respondent told
Mr. Case he had not been able to get the $35 from his client; but,
if Mr. Case would adjourn the case until May 25th, he would be able
to pay the whole amount of the claim, together with the costs and
disbursements, and upon this statement the case was adjourned to the
26th of May, 1911. On May 25th the respondent told Mr. Case that
he had not been able to obtain the money from Howard, and asked for
further time, offering a consent for judgment, provided Mr. Case
would not file a transcript of the judgment in the county clerk's office
or issue execution for a week. To this Mr. Case agreed, the consent
to judgment was entered, the week expired, execution was issued, and
Mr. Case was not able to collect his money until some time in Au-
gust. It further appeared that the respondent before May 22d re-
ceived from his client $35, and subsequently $40, to pay this claim,
but which he did not so apply to that purpose.

The respondent admits these allegations, but claims that after he

got the $75 he devoted it to the payment of another claim against his client; that subsequent to the entry of judgment he told his client of the use that he had made of this $75; that his client ratified it; and it would appear that his client now makes no objection to the appropriation of the money that he had paid to the respondent to the payment of another claim, rather than the claim in question. There is a dispute between Mr. Case and the respondent as to the extent of the representations made in relation to the collection of the money by the respondent from his client.

We cannot approve of the conduct of the respondent in interposing an answer which denied an indebtedness which he conceded was due, nor do we approve of the conduct of the respondent in obtaining various adjournments of this case on a promise that he would obtain the money from his client, and then failing to apply the money in fulfillment of his promise. Undoubtedly, as the facts appear now, it cannot be said that he was guilty of any misapplication of his client's money; but his conduct in obtaining consents to these adjournments on the promise of obtaining money from his client to pay it, and then, having obtained the money from his client, applying it to other purposes, was a breach of his obligation to the opposing attorney, from whom he had obtained the advantage of adjournments of the case on his promise to procure money and pay it. Having obtained these adjournments, based upon these promises, he certainly owed a duty to the opposing attorney to carry out in good faith the promise upon which he had obtained the adjournments.

We therefore censure the respondent for his conduct in this respect, and for his failure to be frank with his opponent, from whom he had obtained benefits, and his failure to fulfill the considerations upon which the adjournments were granted. Considering the fact that the respondent is an attorney of many years' standing, who has, so far as the record shows, hitherto borne a good character, and that the respondent's client has ratified his actions, we think that, with this expression of our opinion, no further steps should be taken in this proceeding; and it is therefore dismissed.